UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| George Parks, | § | CIVIL ACTION NO. 6:18-CV-303 |
| Plaintiff, | § | |
| | § | |
| v. | § | **COMPLAINT** |
| | § | |
| Maxwell Alexander & Associates LLC, | § | |
| and Market Street Debt Partners LLC, | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

Plaintiff, George Parks, by and through his undersigned counsel, states as follows:

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

       collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The State of Texas adopted the Texas Finance Code, Tex. Fin. Code § 392.001 *et seq.*, to empower aggrieved individuals and to eliminate abusive debt collection practices by debt collectors and third-party debt collectors.

3. George Parks ("Parks" or "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Maxwell Alexander & Associates LLC ("Maxwell") and Market Street Debt Partners LLC ("MSDP"), (collectively, "Defendant") with regard to attempts by Defendants, debt collectors and/or third party debt collectors, to unlawfully and abusively collect a debt, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Texas.

7. Defendants committed each of these violations knowingly, willfully, and intentionally, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

2. All violations alleged herein are material violations of the FDCPA and Texas Finance Code as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

8. Unless otherwise indicated, the use of Defendants' names in this Complaint include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

3. Through this complaint, Plaintiff does not allege that any state court judgment was entered against anyone in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

### JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

10. Jurisdiction for related state law claims is proper pursuant to 28 U.S.C. § 1361, as the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper pursuant to 28 U.S.C. § 1391 as all the events and omissions giving rise to Plaintiff's claims occurred in Bell County.

12. Defendants are subject to the court's personal jurisdiction.

13. Plaintiff is informed and believes and thereon alleges that all acts of corporate employees as hereinafter alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

14. Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein Defendants were the principals, agents (actual or ostensible) or employees and in acting as such principals or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff or the relief prayed for herein.

**PARTIES**

15. Plaintiff is a natural person who, at the time of the conduct giving rise to this action, resided in the County of Bell, State of Texas, from whom a debt collector sought to collect a consumer debt which was alleged to be due.

16. Plaintiff is a "consumer" as that term is defined by Tex. Fin. Code § 392.001(1); and Tex. Bus. & Comm. Code § 17.45(4).

17. Maxwell is a New York business in Niagara County, and does business in in the State of Texas.

18. MSDP is a New York business in Niagara County and does business in the State of Texas.

19. Maxwell can be served through the New York Department of State.

20. MSDP can be served through the New York Department of State.

21. Each Defendant, Maxwell and MSDP, is a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

22. Each Defendant, Maxwell and MSDP, is a "person" as defined by Tex. Bus. & Comm. Code § 17.45(3).

23. Maxwell is a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts, and is therefore a "debt collector" as that phrase is defined by Tex. Fin. Code 392.001(6).

24. MSDP a debt collector, as defined by 15 U.S.C. Section 1692a(6), and is therefore a debt collector as that phrase is defined by Tex. Fin. Code 392.001(6).

### *Respondeat Superior Liability*

25. The acts and omissions of the individual employees and agents of Defendants, and the other debt collectors employed as agents by Maxwell who interacted with MSDP as described herein, were committed within the time and space limits of their agency relationship with their principal, Maxwell.

26. MSDP, at all times relevant herein, was an agent of Maxwell.

27. The acts and omissions by MSDP were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Maxwell in collecting consumer debts.

28. By committing these acts and omissions against Plaintiff, MSDP was motivated to benefit its principal, Maxwell.

29. Maxwell is liable for the acts and omissions of MSDP.

30. Maxwell is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal and state law by its agents, including, but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

### GENERAL ALLEGATIONS

31. At all times relevant, Plaintiff was an individual residing in the State of Texas.

32. At all times relevant, Defendants conducted business in the State of Texas.

33. At all times relevant, Defendants attempted to collect a financial obligation that was used primarily for person, family or household purposes (the "Account") and was therefore a "Debt" as that term is defined by 15 U.S.C. §1692a(5).

34. This Account was money, property, services or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by Tex. Fin. Code § 392.001(2).

35. Plaintiff disputes the Account.

## *Maxwell Alexander & Associates LLC*

36. Sometime before August 8, 2016, an entity purporting to be Maxwell Alexander & Associates LLC attempted to collect the Account from Plaintiff.

37. In a day and age when every company under the sun has a website, Maxwell Alexander & Associates LLC has virtually no internet presence—aside from websites identifying Maxwell as a scam company.

38. An individual named Joseph Strives called Plaintiff by telephone on behalf of the entity Maxwell Alexander & Associates LLC.

39. The Account was an alleged payday loan with an alleged charge-off date of May 13, 2011.

40. Maxwell Alexander & Associates LLC never provided Plaintiff with verification of the Account or any written documentation corroborating this claimed Debt.

41. By the time Maxwell Alexander & Associates LLC attempted to collect the Account from Plaintiff sometime before August 8, 2016, the Debt was well beyond Texas's four-year statute of limitations.

42. Upon information and belief Maxwell Alexander & Associates LLC did not disclose to Plaintiff that it sought to collect a Debt that was beyond the statute of limitation.

43. Through repeated calls, Maxwell Alexander & Associates LLC conned Plaintiff—an elderly man with significant health problems—into paying Maxwell Alexander & Associates LLC $1,500.00 to resolve the Account in

fifteen (15) monthly installments of $100.00 beginning on August 8, 2016 (the "Agreement").

44. The final payment on this agreement to resolve the Account was set to take place in October 2017.

45. For the reoccurring payments, Maxwell did not obtain Plaintiff's authorization, by a writing, which was signed.

46. Upon information and belief, Maxwell shared Plaintiff's bank account information with MSDP, Spire Recovery Solutions LLC, and All Care Services so that those three entities could make automatic withdrawals from Plaintiff's bank account.

47. For the reoccurring payments, MSDP, Spire Recovery Solutions LLC, and All Care Services did not obtain Plaintiff's authorization, by a writing, which was signed.

### *Market Street Debt Partners*

48. Upon information and belief, MSDP and Maxwell are connected and/or act as two parties of the same business enterprise.

49. Upon information and belief, MSDP orchestrated automatic withdrawals from Plaintiff's bank account of $100.00 per month toward payment on the Account.

50. Upon information and belief, MSDP is one of three entities that took made automatic withdrawals from Plaintiff's bank account in $100.00 monthly installments to satisfy the Agreement.

51. The other two entities are All Care Services out of Amherst, New York, and Spire Recovery Solutions LLC, a debt collector, in Niagara County, New York.

52. Plaintiff did not have any relationship with All Care Services or Spire Recovery Solutions, LLC.

53. MSDP identifies an address it is associated with as 330 S. Transit St., Lockport, NY, 14094.

54. The address 330 S. Transit St., Lockport, NY, 14094 is a building address associated with Spore Recovery Solutions LLC.

55. An individual named Joseph Torriere is an individual associated with MSDP and Spire Recovery Solutions, LLC.

56. Joseph Torriere is a member of Debt Buyers Association, a trade association for the debt buyer industry.

*Unauthorized Transactions*

57. Defendants took fifteen $100.00 payments from Plaintiff in accord with the Agreement, with the final payment coming on October 4, 2017 from MSDP.

58. However MSDP sent Plaintiff a Debt/Credit Card Authorization & Release Form dated October 3, 2017 in an attempt to gain authorization to take additional payments of $100.00 on October 3, 2017, November 3, 2017, and December 1, 2017.

59. The additional payments for November 3, 2017 and December 1, 2017 would have exceeded the amount contemplated in the Agreement.

60. Upon information and belief, Defendants intentionally attempted to take more money from Plaintiff than it had previously memorialized in the Agreement.

61. On or about November 6, 2018, MSDP took an unauthorized withdrawal of $100.00 from Plaintiff's bank account.

62. Plaintiff discovered this unauthorized withdrawal and disputed it with his bank and stopped payment on all future transactions.

63. Despite this, MSDP again attempted to make an unauthorized withdrawal in December 2017.

64. The November 6, 2017 withdrawal was temporarily credited back to Plaintiff after he disputed it with his bank.

65. Plaintiff's bank later reissued the charge based upon MSDP's representations to the Bank.

66. After continued dispute by Plaintiff, MSDP subsequently reversed it in February 2018, in recognition that it did not have authorization to take the withdrawal.

67. In December 2017 and again in March 2018, Maxwell admitted in writing that the Agreement was paid in full.

68. Defendants therefore knew that the payment it took in November 2017 and the payment it attempted to take in December 2017 were not authorized and were in excess of any amount Plaintiff agreed to pay under the Agreement.

## *Violations of the FDCPA*

69. By sending Plaintiff a Credit Card Authorization & Release Form in an attempt to collect an amount in excess of the amount contemplated by the Agreement, Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692d.

70. By withdrawing $100.00 from Plaintiff's bank account without authorization from Plaintiff in November 2017 and by attempting to take an additional payment in December 2017 in an amount above the Agreement, Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692d.

71. By sending Plaintiff a Credit Card Authorization & Release Form in an attempt to collect an amount in excess of the amount contemplated by the Agreement, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

72. By withdrawing $100.00 from Plaintiff's bank account without authorization from Plaintiff in November 2017 and by attempting to take an additional payment in December 2017 in amount above the Agreement, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

73. By sending Plaintiff a Credit Card Authorization & Release Form in an attempt to collect an amount in excess of the amount contemplated by the Agreement, Defendants used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

74. By withdrawing $100.00 from Plaintiff's bank account without authorization from Plaintiff in November 2017 and by attempting to take an additional payment in December 2017 in an amount about the Agreement, Defendants used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

75. By sending Plaintiff a Credit Card Authorization & Release Form in an attempt to collect an amount in excess of the amount contemplated by the Agreement, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

76. By withdrawing $100.00 from Plaintiff's bank account without authorization from Plaintiff in November 2017 and by attempting to take an additional payment in December 2017 in an amount above the Agreement, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

77. By sending Plaintiff a Credit Card Authorization & Release Form in an attempt to collect an amount in excess of the amount contemplated by the Agreement, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendants violated 15 U.S.C. § 1692f.

78. By withdrawing $100.00 from Plaintiff's bank account without authorization from Plaintiff in November 2017 and by attempting to take an additional payment in December 2017 in an amount above the Agreement, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendants violated 15 U.S.C. § 1692f.

79. By withdrawing $100.00 from Plaintiff's bank account without authorization from Plaintiff in November 2017 and by attempting to take an additional payment in December 2017 in an amount above the Agreement, Defendants undertook the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the Agreement creating the debt or permitted by law. Consequently, Defendants violated 15 U.S.C. 1692f(1).

80. By sending Plaintiff a Credit Card Authorization & Release Form in an attempt to collect an amount in excess of the amount contemplated by the Agreement, Defendants threatened to take action prohibited by law. Consequently, Defendants violated Tex. Fin. Code § 392.301(a)(8).

81. By withdrawing $100.00 from Plaintiff's bank account without authorization from Plaintiff in November 2017 and by attempting to take an additional payment in December 2017 in an amount above the Agreement, Defendants threatened to take action prohibited by law. Consequently, Defendants violated Tex. Fin. Code § 392.301(a)(8).

82. By sending Plaintiff a Credit Card Authorization & Release Form in an attempt to collect an amount in excess of the amount contemplated by the Agreement, Defendants collected or attempted to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer. Consequently, Defendants violated Tex. Fin. Code § 392.303(a)(2).

83. By withdrawing $100.00 from Plaintiff's bank account without authorization from Plaintiff in November 2017 and by attempting to take an additional payment in December 2017 in an amount above the Agreement, Defendants collected or attempted to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer. Consequently, Defendants violated Tex. Fin. Code § 392.303(a)(2).

84. By sending Plaintiff a Credit Card Authorization & Release Form in an attempt to collect an amount in excess of the amount contemplated by the

Agreement, Defendants falsely represented the status or nature of the services rendered by the debt collector or the debt collector's business. Consequently, Defendants violated Tex. Fin. Code § 392.304(a)(14).

85. By withdrawing $100.00 from Plaintiff's bank account without authorization from Plaintiff in November 2017 and by attempting to take an additional payment in December 2017 in an amount above the Agreement, Defendants falsely represented the status or nature of the services rendered by the debt collector or the debt collector's business. Consequently, Defendants violated Tex. Fin. Code § 392.304(a)(14).

86. By sending Plaintiff a Credit Card Authorization & Release Form in an attempt to collect an amount in excess of the amount contemplated by the Agreement, Defendants used a false representation or deceptive means to collect a debt or obtain information concerning a consumer. Consequently, Defendants violated Tex. Fin. Code § 392.304(a)(19).

87. By withdrawing $100.00 from Plaintiff's bank account without authorization from Plaintiff in November 2017 and by attempting to take an additional payment in December 2017 in an amount above the Agreement, Defendants used a false representation or deceptive means to collect a debt or obtain information concerning a consumer. Consequently, Defendants violated Tex. Fin. Code. §392.304(a)(19).

## *Plaintiff's Damages*

88. Defendants infringed upon Plaintiff's rights proscribed by the Texas and United States Legislatures to not be subject to abusive, illegal and unfair debt collection practices.

89. Defendants caused Plaintiff emotional distress by taking money from him that Plaintiff did not agree to allow Defendants to take.

90. Defendants caused an invasion of Plaintiff's privacy by using Plaintiff's bank account information to invade his account and take out money Defendants had no right to take.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. 1692 ET SEQ.**

91. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

92. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

93. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE §§ 392.001 – 392.404

94. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

95. The foregoing acts and omissions constitute numerous and multiple violations of the Texas Debt Collection Act.

96. As a result of each and every violation of the Texas Debt Collection Act, Plaintiff is entitled to actual damages pursuant to Tex. Fin. Code § 392.403(a)(2); statutory damages of not less than $100 for each violation pursuant to Tex. Fin. Code § 392.403(e); and attorney's fees and costs pursuant to Tex. Fin. Code § 392.403(b).

## THIRD CAUSE OF ACTION
### BREACH OF THE COMMON LAW TORT OF
### UNREASONABLE COLLECTION EFFORTS

97. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

98. Plaintiffs have a right to be free from unreasonable and wrongful collection and/or repossession efforts. *See, e.g., Moore v. Savage*, 359 S.W.2d 95 (Tex. Civ. App. –Waco 1962, writ ref'd n.r.e).

99. Defendants engaged in unreasonable collection efforts, in violation of the common law of the State of Texas.

100. Defendants attempted to take more money from Plaintiff than what was contemplated in the Agreement.

101. Defendants actually did withdraw and hold $100.00 of Plaintiff's money without authorization to do so.

102. A person of ordinary care and prudence would not have attempted to collect a debt under the same or similar circumstances.

103. A person of ordinary care and prudence would not have attempted to collect such a claimed debt using the methods Defendants used under the same or similar circumstances.

104. Defendants' attempts to collect a debt greater than the amount contemplated in the Agreements were harassing means to collect a debt in a willful, wanton and malicious way intended to inflict mental anguish and expose Plaintiff to feelings of actual and perceived ridicule in the community, home, and workplace.

105. Defendants' behavior caused Plaintiff to suffer extreme and several mental anguish and emotional distress.

106. As a result, Plaintiff is entitled to actual damages.

107. Defendants' conduct was malicious and reckless.

108. As a result, Plaintiff is entitled to exemplary damages.

109. Exemplary damages should be awarded against Defendants because the harm with respect to which Plaintiffs seeks recovery of exemplary damages resulted

from malice (which means that there was a specific intent by Defendants to cause substantial injury or harm to Plaintiffs) and/or gross negligence (which means that Defendant's actions and/or omissions (i) when viewed objectively from Defendants' standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that Defendants had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

### REQUEST FOR JURY TRIAL

110. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial be jury.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

1. Actual damages from each Defendant;
2. Statutory damages in the amount of $1,000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2);
3. Statutory damages of at least $100 for each and every violation of the Texas Debt Collection Act from each Defendant pursuant to Tex. Fin. Code § 392.403(e);

4. Exemplary damages from each Defendant pursuant to the common law claim of unreasonable collection efforts;

5. An award of costs of litigation and reasonable attorney's fees to counsel for Plaintiff from each Defendant pursuant to 15 U.S.C. § 1692k(a)(3) and Tex. Fin. Code § 392.403(b);

6. Exemplary damages from each Defendant pursuant to the common law of Texas, *see, e.g. Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

7. Any other relief the Court may deem just and proper.

                                                          Respectfully submitted,

Date: October 15, 2018         By: /s/ Ramona Ladwig
                                                 Ramona Ladwig
                                                 State Bar No. 24092659
                                                 **Hyde & Swigart**
                                                 1910 Pacific Ave, Suite 14155
                                                 Dallas, TX 75201
                                                 Phone: (214) 880-6362
                                                 Fax: (800) 635-6425
                                                 Email: ramona@westcoastlitigation.com
                                                 ATTORNEYS FOR PLAINTIFF